UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH LAFRANCE                                      CIVIL ACTION

VERSUS                                                    NO. 16-14439

NEW ORLEANS CITY, ET AL.                        SECTION "R" (2)

## ORDER AND REASONS

Defendants Orleans Parish Criminal District Court and Judicial Administrator Robert Kazik (collectively, the Judicial Defendants) move to strike several allegations in Plaintiff Joseph LaFrance's complaint under Federal Rule of Civil Procedure 12(f).  For the following reasons, the Judicial Defendants' motion is denied.

### I.    BACKGROUND

Plaintiff Joseph LaFrance alleges that he was arrested on an invalid warrant for unpaid fines and fees and held for three weeks in Orleans Parish Prison without being brought before a judge.[1]  LaFrance further alleges that no bond was ever set in his case.[2] While incarcerated, LaFrance suffered

---

[1]      R. Doc. 1 at 8.
[2]      *Id.*

several seizures and lost his job.[3] LaFrance names the City of New Orleans, the Orleans Parish Criminal District Court (OPCDC), Judicial Administrator Robert Kazik, and Orleans Parish Sheriff Marlin Gusman as defendants.[4]

LaFrance challenges his arrest and incarceration on several grounds. Specifically, LaFrance alleges that:

1. LaFrance had, in fact, paid all fines and fees due to the court, and his warrant was therefore issued in error.[5]

2. Defendants have a policy of issuing and enforcing such nonpayment warrants without inquiry into the subject's ability to pay, and this practice violates the Fourth and Fourteenth Amendments to the U.S. Constitution.[6]

3. LaFrance was "indefinitely" jailed in violation of the Due Process Clause of the Fourteenth Amendment, and LaFrance's incarceration constitutes wrongful arrest and imprisonment under Louisiana law.[7]

4. LaFrance was deprived of his right to a neutral tribunal because the prosecutor and judicial officer that seek and approve

---

[3]   *Id.* at 9.
[4]   *Id.* at 6-7.
[5]   *Id.* at 32.
[6]   *Id.* at 33.
[7]   *Id.* at 33, 35.

> nonpayment warrants, and conduct subsequent hearings, are
> financially interested in the outcome of such cases.[8]
>
> 5. Defendants imposed unduly restrictive methods of collection on
>    LaFrance in violation of the Equal Protection Clause of the
>    Fourteenth Amendment.[9]

The Judicial Defendants now move to strike several allegations in Plaintiff Joseph LaFrance's complaint under Federal Rule of Civil Procedure 12(f).[10]   In support, the Judicial Defendants argues that the challenged allegations are immaterial, impertinent, and scandalous.[11]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum &*

---

[8]    *Id.* at 33-34.
[9]    *Id.* at 34-35.
[10]   R. Doc. 5.
[11]   *Id.*

3

*Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored. . . ."); *Synergy Mgmt., LLC v. Lego Juris A/S*, No. 07-5892, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("Motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."). A motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey*, No. 96-3438, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998) (citation omitted). Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Bayou Fleet P'ship v. St. Charles Parish*, No. 10-1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011) (citations omitted). Disputed questions of fact cannot be decided on a motion to strike. *Gonzales v. State Farm Mut. Auto. Ins.*, No. 10-3041, 2011 WL 2607096, at *5 (E.D. La. July 1, 2011).

## III.   DISCUSSION

Defendants move to strike 53 separate sections of LaFrance's complaint.[12] Defendants group their objections into several categories, which the Court considers in turn:

---

[12]   R. Doc. 5-2.

A. Allegations pertaining to other criminal defendants and other criminal proceeding;

The Judicial Defendants argue that "whether other people have been wronged by the Judicial Defendants in any way whatsoever" is irrelevant and that allegations to this effect should be stricken.[13]  The Judicial Defendants are mistaken.  LaFrance's claims against the City of New Orleans and Sheriff Gusman in his official capacity must satisfy the Supreme Court's *Monell* test, which ensures that cities are held responsible *only* for "their *own* illegal acts*."  Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978)) (emphasis in original).  To satisfy *Monell*, LaFrance must show, among other things, that these defendants promulgated a policy "with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result."  *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579).  Accordingly, under Rule 12(f)'s low materiality bar, these allegations are relevant to determining whether the City and Sheriff implemented their challenged policies with the requisite knowledge that constitutional violations would

---

[13]    R. Doc. 5-1 at 5.

result.   The Judicial Defendants' motion to strike these allegations is therefore denied.

    B. Allegations of a conflict of interest in the implementation of court costs, abuse of court costs collected from criminal defendants, or misuse of court costs collected from criminal defendants; and

    C. References to related information in publications, news reports, and audit reports;

As noted, LaFrance alleges that he was deprived of his right to a neutral tribunal because the prosecutor and judicial officer that seek and approve fines and fee warrants, and conduct subsequent hearings, are financially interested in the outcome of the case.  LaFrance's allegations concerning how money derived from fines and fees is spent are relevant to this claim. The Judicial Defendants' motion to strike these allegations is therefore denied.

    D. References to City of New Orleans budget hearings and statements made during such hearings

These allegations, like the allegations concerning other people arrested pursuant to nonpayment warrants, are relevant to establishing City and Sheriff knowledge of Judicial Defendant practices.  The Judicial Defendants' motion to strike these allegations is therefore denied for the reasons offered above.

E. Allegations that challenge the general policies and practices of the Judicial Defendants.

The Judicial Defendants' last challenge also fails. Judicial Defendants argue that, because LaFrance seeks damages rather than injunctive or declaratory relief, allegations concerning general policies and practices are irrelevant. The Judicial Defendants offer no authority to support the idea that a defendants policies are irrelevant to claim seeking damages. Rather, LaFrance's complaint reveals that his allegations can be divided into two categories: (1) defendants should not have arrested and incarcerated LaFrance because he owed no fines and fees; and (2) defendants' policy of arresting and incarcerating people for failure to pay fines and fees is constitutionally deficient. The former allegation does not erase or moot the latter. Because LaFrance's allegations concerning the Judicial Defendants' policies and practices are relevant to his claims that the implementation of those policies violated LaFrance's constitutional rights, the Judicial Defendants' motion to strike these allegations is denied.

Finally, the Court notes that even if the Judicial Defendants could show that the challenged statements are immaterial, impertinent, or scandalous, this alone does not suffice to meet their burden. Defendants must also show prejudice. *See Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) ("'Even when technically appropriate and well-founded,' motions to

7

strike are not to be granted 'in the absence of a showing of prejudice to the moving party.'") (quoting Wright & Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004) (internal modifications omitted)).   Prejudice in this context requires a showing that failure to strike will negatively impact the party or litigation in a concrete way. Accordingly, Courts granting such motions look to factors like delay, and whether the challenged statements will unnecessarily prolong or prevent discovery, or increase the parties' expenses.  *See, e.g.*, *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 174 (E.D.N.Y. 2004); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 09-1909, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013); *see also* Wright & Miller, *Federal Practice and Procedure* § 1381 n.34 (3d ed. 2004) (collecting cases). The Judicial Defendants have made no such showing.

## IV.   CONCLUSION

For the foregoing reasons, Orleans Parish Criminal District Court and Judicial Administrator Robert Kazik's motion to strike is DENIED.

New Orleans, Louisiana, this __17th__ day of March, 2017.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE