UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LAFRANCE | CIVIL ACTION |
| VERSUS | NO. 16-14439 |
| NEW ORLEANS CITY, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Defendants Orleans Parish Criminal District Court and Judicial Administrator Robert Kazik (collectively, the Judicial Defendants) move to dismiss plaintiff Joseph LaFrance's claims against them. For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Joseph LaFrance alleges that he was arrested on an invalid warrant for unpaid fines and fees and held for three weeks in Orleans Parish Prison without being brought before a judge.[1] LaFrance further alleges that no bond was ever set in his case.[2] While incarcerated, LaFrance allegedly suffered several seizures and lost his job.[3] LaFrance names the City of New

---

[1]   R. Doc. 1 at 8.
[2]   *Id.*
[3]   *Id.* at 9.

Orleans, the Orleans Parish Criminal District Court (OPCDC), Judicial Administrator Robert Kazik, and Orleans Parish Sheriff Marlin Gusman as defendants.[4]

LaFrance challenges his arrest and incarceration on several grounds. Specifically, LaFrance alleges that:

1. LaFrance had, in fact, paid all fines and fees due to the court, and his warrant was therefore issued in error.[5]

2. Defendants have a policy of issuing and enforcing such nonpayment warrants without inquiry into the subject's ability to pay, and this practice violates the Fourth and Fourteenth Amendments to the U.S. Constitution.[6]

3. LaFrance was "indefinitely" jailed in violation of the Due Process Clause of the Fourteenth Amendment, and LaFrance's incarceration constitutes wrongful arrest and imprisonment under Louisiana law.[7]

4. LaFrance was deprived of his right to a neutral tribunal because the prosecutor and judicial officer that seek and approve

---

4    *Id.* at 6-7.
5    *Id.* at 32.
6    *Id.* at 33.
7    *Id.* at 33, 35.

>   nonpayment warrants, and conduct subsequent hearings, are financially interested in the outcome of such cases.[8]
>
>   5. Defendants imposed unduly restrictive methods of collection on LaFrance in violation of the Equal Protection Clause of the Fourteenth Amendment.[9]

The Judicial Defendants now move to dismiss all claims against them. In support, the Judicial Defendants argue that OPCDC is not a "person" under 42 U.S.C. § 1983 and that claims for damages against OPCDC are barred by the Eleventh Amendment. As to Kazik, the Judicial Defendants argue that LaFrance's claims against him are barred by quasi-judicial immunity.

## II. LEGAL STANDARD

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that

---

[8]   *Id.* at 33-34.
[9]   *Id.* at 34-35.

3

allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim.  Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03–2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro*, 74 F.3d at 659.  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### III. DISCUSSION

The Judicial Defendants move to dismiss claims against OPCDC and Kazik. The Court considers each defendant in turn.

#### A. Orleans Parish Criminal District Court

The Judicial Defendants argue that OPCDC is entitled to immunity under the Eleventh Amendment. Courts in this and other circuits routinely hold that state courts are immune from suit under the Eleventh Amendment. *See, e.g.*, *Jefferson v. La. State Supreme Court*, 46 F. App'x 732, *1 (5th Cir. 2002) ("The Eleventh Amendment clearly bars [plaintiff's] § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government."); *Bourgeois v. Par. of Jefferson*, 20 F.3d 465, *1 (5th Cir. 1994) (holding that the Orleans Parish Civil District Court is "an agency of the state" entitled to Eleventh Amendment immunity); *Summers v. Louisiana*, No. 13-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (holding that an official capacity claim against a state court judge "would in reality be a claim against the state itself, and . . . would be barred by the Eleventh Amendment"); *Wilkerson v. 17th Judicial Dist. Court*, No. 08-1196, 2009 WL 249737, at *4 (E.D. La. Jan. 30, 2009) ("It is clear that the Eleventh Amendment bars § 1983 claims against a state court."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007)

("[T]he Eleventh Amendment likewise bars § 1983 claims against a state court."); *see generally Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (holding that Oklahoma Court of Criminal Appeals is immune from suit under Eleventh Amendment as "a governmental entity that is an arm of the state"); *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994) ("The Eleventh Amendment, however, bars federal suits against state courts and other branches of state government[.]"); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment anyway."). The Court finds LaFrance's attempt to distinguish this weighty precedent unconvincing.

Even if OPCDC were not immune, LaFrance's federal claims against OPCDC must fail because OPCDC is not a "person" subject to suit under section 1983. *See Dunn v. Louisiana*, No. 10-4519, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011) (adopting Report and Recommendation concluding that Section K of the Orleans Parish Criminal District Court is not a section 1983 person); *see also Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) ("A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute."). Accordingly, LaFrance's claims against OPCDC must be dismissed.

## B. Judicial Administrator Kazik

LaFrance sues Kazik in both his official and individual capacities. As the Fifth Circuit has noted, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, LaFrance's official capacity claims against Kazik are barred for the reasons offered above.

As to the individual capacity claims, Defendants argue that Kazik is entitled to absolute immunity because at all times he was assisting the judges of OPCDC in carrying out their judicial functions. "Despite the broad terms of § 1983," the Supreme Court "has long recognized" that immunity doctrines protect certain potential defendants from liability under the statute. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). For example, judges are absolutely immune from monetary liability "for all judicial acts that are not performed in the clear absence of jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). As a derivative of this immunity, "other necessary participants in the judicial process are entitled to absolute quasi-judicial immunity." *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, 1993 WL 360732, at *3 (5th Cir. 1993) (citation

omitted).  This absolute quasi-judicial immunity "protects officials that perform *functions* comparable to those of judges. . . ."  *Da Vinci Inv., Ltd. P'ship v. Parker*, 622 F. App'x 367, 373 (5th Cir. 2015) (quoting *Beck v. Tex. Bd. of Dental Exam'rs*, 204 F.3d 629 (5th Cir. 2000)).  In determining whether an official is entitled to absolute quasi-judicial immunity, courts must take a "functional approach"—looking to "the nature of the function performed, not the identity or title of the actor who performed it."  *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993).

Consistent with this "functional approach," courts often hold that other judicial employees, such as clerks of court, law clerks, and others, enjoy absolute quasi-judicial immunity when "performing a ministerial function at the direction of the judge."  *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) (quoting *Waits v. McGowan*, 516 F.2d 2013, 206 (3d Cir. 1975)); *see generally Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007) ("Clerks have absolute quasi-judicial immunity . . . when they perform tasks that are an integral part of the judicial process." (citing *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987)); *Bliven v. Hunt*, 579 F.3d 204, 214 (2d Cir. 2009) (granting absolute immunity to family court staff attorneys); *Olivia v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) ("[F]or purposes of absolute judicial immunity, judges and their law clerks are as one.").  In

8

other words, judicial employees are absolutely immune when they act, whether "in bad faith or with malice" pursuant to a court order or a judge's instructions because the employee is "act[ing] as the arm of the judge and comes within his absolute immunity." *Williams*, 612 F.2d at 985; *accord Johnson*, 870 F.2d at 998 (describing parole board members as "serving essentially as the arm of the sentencing judge"); *Severin v. Parish of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009) (granting absolute immunity to "employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges").

A judicial directive that cloaks court employees with absolute immunity may be formal and official, such as a court order, or more informal, such as verbal communication from a judge. *See, e.g., Severin*, 357 F. App'x at 603. LaFrance sues Kazik for his role as supervisor of the OPCDC's Collections Department.[10] LaFrance asserts that Collections Department employees both "seek" and "issue" arrest warrants against criminal defendants who fail to pay fines and fees.[11] The Collections Department allegedly issued LaFrance's warrant—and signed Judge Davilier-Flemings' name—without presenting information to or notifying a judge.[12]

---

[10] R. Doc. 1 at 7.
[11] *Id.* at 17.
[12] *Id.* at 2-3.

9

In portraying Kazik as "seeking" warrants rather than merely "issuing" them, plaintiffs hope to tie Kazik to decisions applying qualified immunity to police and probation officers who submit insufficient affidavits to magistrate judges in support of warrants. *See, e.g.*, *Malley v. Briggs*, 475 U.S. 335, 343 (1986); *Galvan v. Garmon*, 710 F.2d 214, 215-16 (5th Cir. 1983). But unlike the officers in *Malley* and *Galvan*, Kazik does not ask for issuance of a warrant based on his own investigation. Rather, Kazik is delegated the authority to issue warrants by judges. This conclusion is supported by an evidentiary hearing transcript referenced in LaFrance's complaint.[13] In the hearing, Shannon Sims, Deputy OPCDC Judicial Administrator, explains that the authority to issue Collections Warrants is given to the Collections Department by the judges of OPCDC. According to Ms. Sims, one section of Court, Section A, issues its own warrants rather than delegating that responsibility to the Collections Department. As made clear by Ms. Sims' testimony, when Kazik issues warrants he stands in the shoes of a judge under a judge's direction. When Kazik's authority to issue warrants is

---

[13]   *See Id* at 3 n.1 (citing Transcript of Evidentiary Hearing in *State of Louisiana v. Michael Addison*, No. 426-246J, Jan. 30, 2015.). Uncontested documents referred to in the pleadings may be considered by the court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

10

rescinded, a judge takes over. In this way Kazik allegedly "perform[s] *functions* comparable to those of judges," and is entitled to absolute immunity. *Parker*, 622 F. App'x at 373 (quoting *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 (5th Cir. 2000)).

Because, according to LaFrance's allegations, Kazik acted according to "procedures allegedly implemented by the judges [and] at the express direction of the judges, to assist them in carrying out their judicial functions," Kazik is also protected by absolute quasi-judicial immunity. *Severin*, 357 F. App'x at 603; *see also Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (immunizing "deputy circuit clerk [who] issued the arrest warrant at the direction of the assistant circuit judge"). LaFrance's individual capacity claims against Kazik must therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED. All claims against defendants Orleans Parish Criminal District Court and Judicial Administrator Robert Kazik are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___17th___ day of March, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE