UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH T. LAFRANCE | CIVIL ACTION |
| VERSUS | NO. 16-14439 |
| CITY OF NEW ORLEANS, ET AL. | SECTION "R" (2) |

## **ORDER AND REASONS**

Defendant Sheriff Marlin Gusman moves to dismiss Plaintiff Joseph T. LaFrance's individual capacity claims under Count One. The Court finds that LaFrance's allegations, taken as true, cannot overcome Gusman's qualified immunity from suit. Accordingly, Gusman's motion to dismiss is granted.

### I.     BACKGROUND

Plaintiff Joseph T. LaFrance alleges that he was arrested on an invalid warrant for unpaid fines and fees and held for three weeks in Orleans Parish Prison without being brought before a judge.[1] LaFrance further alleges that no bond was ever set in his case.[2] While incarcerated, LaFrance allegedly suffered several seizures and lost his job.[3] LaFrance names the City of New

---

[1]   R. Doc. 1 at 8.
[2]   *Id.*
[3]   *Id.* at 9.

Orleans, the Orleans Parish Criminal District Court (OPCDC), Judicial Administrator Robert Kazik, and Orleans Parish Sheriff Marlin Gusman as defendants.[4]

LaFrance challenges his arrest and incarceration on several grounds. Specifically, LaFrance alleges that:

1. LaFrance had, in fact, paid all fines and fees due to the court, and his warrant was therefore issued in error.[5]

2. Defendants have a policy of issuing and enforcing such nonpayment warrants without inquiry into the subject's ability to pay, and this practice violates the Fourth and Fourteenth Amendments to the U.S. Constitution.[6]

3. LaFrance was "indefinitely" jailed in violation of the Due Process Clause of the Fourteenth Amendment, and LaFrance's incarceration constitutes wrongful arrest and imprisonment under Louisiana law.[7]

4. LaFrance was deprived of his right to a neutral tribunal because the prosecutor and judicial officer that seek and approve

---

[4] *Id.* at 6-7.
[5] *Id.* at 32.
[6] *Id.* at 33.
[7] *Id.* at 33, 35.

2

nonpayment warrants, and conduct subsequent hearings, are financially interested in the outcome of such cases.[8]

5. Defendants imposed unduly restrictive methods of collection on LaFrance in violation of the Equal Protection Clause of the Fourteenth Amendment.[9]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need

---

[8] *Id.* at 33-34.
[9] *Id.* at 34-35.

3

not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

As a state law enforcement officer sued in his individual capacity, Gusman may raise the defense of qualified immunity. *See Walker v. Howard*, 517 F. App'x 236, 237 (5th Cir. 2013). Accordingly, Gusman is immune unless LaFrance's allegations, taken as true, demonstrate that (1) Gusman violated LaFrance's constitutional rights and (2) Gusman's actions were objectively unreasonable in light of clearly established law at the time of the alleged violation. *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are

4

sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (internal quotations and modifications omitted); *see also Manis v. Lawson*, 585 F.3d 839, 845 (5th Cir. 2009) ("Qualified immunity shields from civil liability 'all but the plainly incompetent or those who knowingly violate the law.'" (quoting *Malley v. Briggs*, 475 U.S. 335, 341, (1986))).

As to the first prong, LaFrance has plainly alleged that Gusman violated his constitutional rights. LaFrance alleges that he was arrested without probable cause to believe he committed a crime. The Fourth Amendment of the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "An arrest is unlawful unless it is supported by probable cause," *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004), and "[a]n individual's right to be free from such unlawful arrest and detention is a federally protected right, the violation of which may be grounds for a suit under section 1983." *Dennis v. Warren*, 779 F.2d 245, 247 (5th Cir. 1985).

Merely alleging a constitutional violation is, however, insufficient to overcome qualified immunity. Gusman remains immune unless LaFrance has raised a plausible inference that LaFrance's incarceration was objectively unreasonable in light of clearly established law. Absent some indication that

5

a warrant is in fact invalid, executing a facially valid warrant is not objectively unreasonable. *See Hart v. O'Brien*, 127 F.3d 424, 445 (5th Cir. 1997). An officer executing such a warrant—facially valid but, unknown to the officer, issued absent probable cause—is therefore entitled to qualified immunity. *See Turner v. Raynes*, 611 F.2d 92, 93 (5th Cir. 1980) ("It would be a strange and unworkable rule that required a sheriff, at his peril, to determine the ultimate legal validity of every warrant regular on its face and issued by proper authority before serving it."); *see also Pierson v. Ray*, 386 U.S. 547, 555 (1967) ("A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, (or, as here, a warrant) and being mulcted in damages if he does."); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 279 (5th Cir. 1992) ("We do not hold that police officers must conduct an investigation regarding the warrant's validity.").

Accordingly, because LaFrance does not allege that the warrant issued in his name was facially invalid, Gusman is entitled to qualified immunity unless LaFrance has alleged facts giving rise to a plausible inference that Gusman knew that LaFrance's warrant was invalid. The Court finds that LaFrance has not, and that Gusman is therefore protected by qualified

immunity. LaFrance points to several vectors by which Gusman may have become aware of the warrants infirmity. None is persuasive.

First, LaFrance argues that Gusman should have been aware that LaFrance's warrant was invalid because a Collections Department employee described the office's alleged policy of forging judicial signatures in open court in 2015. LaFrance suggests that the courtroom was staffed by a sheriff's deputy at the time. LaFrance, however, does not reference this testimony in his complaint. Rather, in his motion opposing Gusman's motion to dismiss, LaFrance cites materials filed in *Cain v. City of New Orleans*, 15-4479 (E.D. La., filed Sep. 17, 2015). Setting aside whether this evidence is properly before the Court on a motion to dismiss, the Court finds that it does not give rise to plausible inference that Gusman knew that LaFrance's warrant was invalid. LaFrance does not argue that Gusman himself was present for collection agent's testimony, or even identify which deputy was present. LaFrance cites no authority for the proposition that, even if a single identified deputy was made aware of the Collection Department's warrant practices, this knowledge can be imputed to Gusman.

LaFrance's next argument is that the complaint in *Cain*, put Gusman on notice that OPCDC was issuing warrants for unpaid fines and fees absent probable cause. LaFrance specifically points to a transcript of the collection

agent's testimony described above, which was attached to the *Cain* complaint. This argument fails because Gusman was not served with the *Cain* complaint until after LaFrance was released. As made clear by the relevant return of service, the *Cain* plaintiffs did not serve Gusman until September 22, 2015, the day after LaFrance was released.[10] *Cain v. City of New Orleans*, 15-4479 (E.D. La. Oct. 16, 2015) (proof of service of Marlin Gusman). LaFrance pleads no facts to support a finding that Gusman became aware of the suit before he was actually served. Accordingly, the filing of the *Cain* suit does not give rise a plausible inference that Gusman knew LaFrance's warrant was invalid.

Finally, LaFrance alleges that he complained he was "lost in the system" and that he needed to know what his warrant was about and why he had not been to court.[11] LaFrance also alleges that his girlfriend called the Orleans Parish Prison repeatedly to try to set a hearing before a judge.[12] LaFrance argues that these complaints were sufficient to inform Gusman of the infirmity of LaFrance's warrant. But the complaints plainly do nothing to inform Gusman or his staff that LaFrance was arrested pursuant to warrant

---

[10]  R. Doc. 1 at 33 (alleging that "Mr. LaFrance was illegally incarcerated from September 3, 2015 until September 21, 2015").
[11]  *Id.* at 9.
[12]  *Id.* at 9-10.

8

issued absent probable cause. Accordingly, the complaints do not support LaFrance's argument that Gusman knew the warrant was invalid.

Because LaFrance alleges that Gusman held him on the authority of a facially valid warrant, and pleads no facts giving rise a plausible inference that Gusman was aware that the warrant was issued absent probable cause, Gusman is entitled to qualified immunity and LaFrance's claims under Count One against Gusman in his individual capacity must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, defendant Sheriff Marlin Gusman's motion to dismiss claims under Count One against Gusman in his individual capacity are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __31st__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE